IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL A. CAMPOS, | ) | |
| No. B87925, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–670-JPG |
| | ) | |
| JANE DOE, | ) | |
| SHERIFF BURNS, | ) | |
| C/O JESSICA, and | ) | |
| C/O STRATTON, | ) | |
|     Defendants. | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Daniel A. Campos, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff brings claims pertaining to his prior detention at Jackson County Jail. According to the Complaint, Defendants violated Plaintiff's rights by failing to properly care for Plaintiff's colostomy bag on two occasions and by prescribing Plaintiff a dangerous combination of medications, causing Plaintiff to suffer from serotonin syndrome. (Doc. 1, pp. 5-9). In connection with his claims, Plaintiff seeks monetary damages and "proper reprimands" for all parties involved. (Doc. 1, p. 10).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

The Complaint suggests that Plaintiff was a pretrial detainee at Jackson County Jail from July of 2015 through October 20, 2015.[1] Plaintiff claims that during his detention, he was often forced to use "busted or used and very dirty colostomy bags for several hours [and] as long as several days." (Doc. 1, pp. 5-6). Plaintiff also contends that he was prescribed a dangerous combination of medications, causing Plaintiff to suffer from serotonin syndrome and requiring treatment at the emergency room. *Id.* The Court summarizes Plaintiff's allegations below.

**First Colostomy Bag Incident - Broken Colostomy Bag**

---

[1] On page 5 of the Complaint, Plaintiff references Cook County Jail. This appears to be a typographical error. The named defendants are officials associated with the Jackson County Jail and Sherriff's Department. Further, the bulk of the Complaint references Plaintiff's detention at Jackson County Jail.

At some point during his detention, Plaintiff's colostomy bag burst. (Doc. 1, pp. 5-6). As a result, Plaintiff had feces "all over." (Doc. 1, p. 5). Plaintiff asked Defendants Stratton and Jessica for a new colostomy bag, clean clothes, and clean bedding. *Id.* Stratton and Jessica failed to assist Plaintiff. *Id.* Plaintiff was left, sitting in his own feces, until the next shift change (5 to 6 hours later). *Id.* When a new correctional officer arrived, he or she immediately provided Plaintiff with a clean colostomy bag, clothes, and bedding. *Id.* When Plaintiff wrote a grievance regarding the incident, Defendant Stratton indicated that he and Jessica were busy and forgot about Plaintiff's request. (Doc. 1, pp. 5-6).

**Second Colostomy Bag Incident - Segregation in October 2015**

When Plaintiff was in segregation, he was forced to use the same dirty colostomy bag for 5-7 days. (Doc. 1, p. 5). This caused bleeding and severe irritation around Plaintiff's stoma. *Id.* Plaintiff experienced the resultant bleeding and irritation for approximately 2 to 3 months. *Id.* These allegations are not associated with any particular defendant.

**Serotonin Syndrome Claims**

Plaintiff was released on October 20, 2015. Shortly thereafter, Plaintiff was taken to Carbondale Memorial Hospital for emergency treatment (plaintiff was "sick and throwing up"). (Doc. 1, p. 5). The treating physician diagnosed Plaintiff with serotonin syndrome. *Id.* The treating physician opined that the combination of medications prescribed by "the medical staff" at Jackson County Jail (celexa, tramadol, and trazadone) were the cause. (Doc. 1, pp. 5-6). The physician also indicated that the medical staff should not have directed Plaintiff to take the antidepressant twice a day. *Id.* Rather, the antidepressant should only be taken once a day, in the morning. *Id.* Plaintiff claims that, while detained, he complained to the medical staff at Jackson County Jail about his antidepressant. *Id.* Specifically, he complained that he did not like the

3

antidepressant. *Id.* The medical staff did not stop prescribing the antidepressant. *Id.* These claims are not associated with any of the Defendants. Instead, the claims are repeatedly directed against "medical staff" at Jackson County Jail.

## Discussion

The Court begins its § 1915A review with a note about the parties in this case. Although Jane Doe and Sherriff Burns are identified as defendants in the case caption and list of defendants, they are not referenced in the body of the Complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, these Defendants shall be dismissed from this action without prejudice for failure to state a claim.

Turning to the allegations in Plaintiff's Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1 -** Fourteenth Amendment deliberate indifference claim against Jessica and Stratton for failing to respond to Plaintiff's broken colostomy bag, causing Plaintiff to sit in feces for 5 to 6 hours.
>
> **Count 2 -** Fourteenth Amendment deliberate indifference claim against unspecified individuals for failing to provide Plaintiff with a sanitary colostomy bag when Plaintiff was in segregation.
>
> **Count 3 -** Fourteenth Amendment claim for deliberate indifference against unspecified individuals for prescribing Plaintiff a potentially dangerous combination of medications, causing Plaintiff to suffer from serotonin syndrome.

**Count 1 – Deliberate Indifference as to Jessica and Stratton**

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Courts have extended this protection to pretrial detainees under the Due Process Clause of the Fourteenth Amendment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). A claim of deliberate indifference has both an objective and a subjective component. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). To satisfy the objective element, Plaintiff must show that his medical need was objectively serious. *See, e.g., Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). A medical need is considered objectively serious if it has been diagnosed by a physician as requiring treatment or if it is "so obvious that even a lay person would recognize the necessity for a doctor's attention." *Id*. To satisfy the subjective element, Plaintiff must show that Defendants "were aware of [Plaintiff's] serious medical need and were deliberately indifferent to it." *McGee*, 721 F.3d at 480. This requires showing something more than negligence, but it does not require a plaintiff to prove he was literally ignored. *Roe*, 631 F.3d at 857–58. Instead, it is sufficient to "show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Id*. at 858 (quoting *Greeno*, 414 F.3d at 653).

Plaintiff's allegations regarding his colostomy bag are sufficient to establish an objectively serious medical condition. Obviously, a physician must have prescribed the use of a colostomy bag to capture fecal waste following a colostomy (a surgical procedure). It should be obvious to a lay person that health risks are inherent when a colostomy bag bursts and leaks fecal matter. Plaintiff has also plausibly alleged that Jessica and Stratton responded with deliberate indifference to Plaintiff's leaking colostomy bag. According to the Complaint, the Defendants

failed to respond when Plaintiff's colostomy bag burst, leaving Plaintiff sitting in fecal matter for several hours.

These allegations are sufficient, at the screening stage, to state a plausible claim for deliberate indifference. Accordingly, the **Count 1** shall receive further review.

**Count 2 – Deliberate Indifference – Segregation**

Plaintiff contends that while he was in segregation, he was forced to use a dirty colostomy bag for several days. This caused severe pain and irritation around Plaintiff's stoma that lasted for 2 to 3 months. Plaintiff may well have a viable deliberate indifference claim pertaining to this incident. However, the Complaint does not associate this claim with any particular defendant.[2] Accordingly, **Count 2** shall be dismissed without prejudice for failure to state a claim.

**Count 3 – Deliberate Indifference – Prescription Medications**

Plaintiff contends that after being released from detention at Jackson County Jail, he suffered from serotonin syndrome, requiring emergency treatment. The emergency room physician opined that Plaintiff's condition was the result of taking a dangerous combination of medications – as prescribed by Jackson County medical staff. Plaintiff also contends that, during his detention, he complained that he did not "like" taking his antidepressant but medical staff ignored his complaint.

---

[2] Plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

These allegations fall short of stating a claim for deliberate indifference. The opinion offered by the emergency room physician, at most, suggests negligence or medical malpractice. But, mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Greeno v. Daley*, 414 F.3d 645, 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir.1996). *See also Edrano v. Smith,* 161 F. App'x 596, 599 (7th Cir. 2006) ("Simple differences of opinion among medical personnel or between the inmate and his prison doctors concerning what is appropriate treatment do not constitute deliberate indifference."). Further, the fact that Plaintiff did not "like" his antidepressant does not suggest that Jackson County medical staff acted with deliberate disregard by continuing to prescribe it.

Even if Plaintiff's Complaint sufficiently alleged a deliberate indifference claim, Count 3 would still fail because it is not associated with any particular defendant. Instead, the allegations are directed at "medical staff." This is insufficient.[3] For these reasons, **Count 3** shall be dismissed without prejudice for failure to state a claim.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be referred to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that the **COUNT 1** shall receive further review as to **JESSICA** and **STRATTON.**

**IT IS FURTHER ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

---

[3] *See* fn. 2 *supra*.

The Clerk of the Court is **DIRECTED** to terminate **JANE DOE** and **BURNS** as parties in CM/ECF.

**IT IS FURTHER ORDERED** that, as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **JESSICA** and **STRATTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 25, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**